# EXHIBIT C



Littler Mendelson, PC
290 Broadhollow Road
Suite 305
Melville, NY 11747

William H. Ng
631.247.4707 direct
631.247.4700 main
631.918.7068 fax
wng@littler.com

November 28, 2017

**VIA FEDEX AND EMAIL (TROYLAW@TROYPLLC.COM)**

John Troy, Esq.
Leon Lee, Esq.
Troy Law, PLLC
41-25 Kissena Blvd., Suite 119
Flushing, NY 11355

   Re: *Li v. Wok 88 Inc., et al.*
      U.S. District Court, S.D.N.Y., Civil Case No. 1:17-cv-08715-GHW

Dear Mr. Troy and Mr. Lee:

This law firm represents Defendants Wok 88 Inc. and Ai Chiu Chiang (collectively, the "Defendants") in the above-referenced matter (the "Action")[1] in which Plaintiff, on behalf of himself and others allegedly similarly situated to him, seeks to recover, *inter alia*, alleged unpaid minimum wage and overtime, spread of hours pay, liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and the New York Labor Law, § 190 et seq. ("NYLL").

We write to inform you that Plaintiff Qin Hui Li ("Plaintiff") is bound by an arbitration agreement that requires him to arbitrate his claims against Defendants on an individual basis. Attached hereto as **Exhibit A** is a copy of the Arbitration Agreements executed by Plaintiff.[2] Moreover, Plaintiff is bound by a general release agreement whereby he released all claims arising out of his employment with Defendants. Attached hereto as **Exhibit B** is a copy of the release executed by Plaintiff. Accordingly, we request that Plaintiff dismiss the Action.

As set forth below, Plaintiff cannot litigate his FLSA and NYLL claims in court and he cannot seek class-wide relief. Moreover, Plaintiff waived all claims relating to or arising out of his employment, including the claims brought in the Action.

Plaintiff entered into arbitration agreements with Wok 88 during his employment. The Arbitration Agreements (collectively, the "Agreements") executed by Plaintiff apply to "any

---

[1] The undersigned, as counsel for Defendants Wok 88 Inc. and Ai Chiu Chiang, agrees to accept service of the Complaint on their behalf. This firm does **not** represent the other named defendants, which upon information and belief, are no longer active corporations or otherwise associated with the restaurant.

[2] Plaintiff executed the Agreements both in English and Chinese. The Agreements are substantively identical and both attached hereto as **Exhibit A**.

littler.com

John Troy, Esq.
Leon Lee, Esq.
November 28, 2017
Page 2

disputes with any individual or entity, including Wok 88, related to [Plaintiff's] employment with Wok 88[,]" and expressly cover disputes involving "minimum wage and overtime; other wage payments; breaks and meal periods; wage notices; termination; and other conditions of employment." See Ex. A, p. 1. Specifically, the Agreements state, in relevant part, as follows:

> [T]he agreement covers claims under a variety of laws, including, for example, the Fair Credit Reporting Act, **Fair Labor Standards Act** . . . and **state or local laws addressing the same or similar subject matters**, and all other legal claims related to your employment (including without limitation torts and post-employment defamation or retaliation). **This agreement encompasses claims that arose before you sign into the Agreement as well as those that arise after you sign into the agreement.**

See Ex. A, pp. 1-2 (emphasis added).

The Agreements require Plaintiff to pursue claims in arbitration on an individual basis, and not on a class or collective action basis. Specifically, the Agreements provide that:

> **This Agreement affects your ability to participate in a class, collective, or representative actions. Both Wok 88 and [Plaintiff] agree to bring any dispute in arbitration on an individual basis only, and not on a class or collective basis on behalf of others.** There will be no right or authority for any dispute to be brought, heard, or arbitrated as a class, collective, or representative action, or as a member in any such class, collective, or representative proceeding ("Class Action Waiver").
>
> . . .
>
> In any case in which (1) the dispute is filed as a class, collective, or representative action and (2) there is a final judicial determination that all or part of the Class Action Waiver is unenforceable, the class, collective, or representative action to that extent must be litigated in a civil court of competent jurisdiction, but the portion of the Class Action Waiver that is enforceable shall be enforced in arbitration.

See Ex. A, p. 3 (emphasis in original).

In determining whether to compel arbitration under the Federal Arbitration Act, two "gateway" issues must be evaluated: (i) whether there is a valid agreement to arbitrate between the parties; and (ii) whether the agreement covers the dispute. See Nat'l Union Fire Ins. Co. v. Belco Petroleum Corp., 88 F.3d 129, 135 (2d Cir. 1996); Cap Gemini Ernst & Young, U.S., L.L.C. v. Nackel, 346 F.3d 360, 365 (2d Cir. 2003).

Both gateway issues are satisfied here. First, it is undeniable that Plaintiff entered into an arbitration agreement as evidenced by his handwritten signatures to an English and Chinese arbitration agreement. Second, the arbitration agreement clearly and unambiguously provides that Plaintiff has agreed to arbitrate any employment related claims, including the same type of FLSA and NYLL claims against Defendants that he alleged in the Action. Courts in this Circuit routinely enforce arbitration agreements and class action waivers in putative class and collective wage and hour actions. *See, e.g., Sutherland v. Ernst & Young LLP*, 726 F.3d 290, 297 (2d Cir. 2013); *Ryan v. JPMorgan Chase & Co.*, 924 F. Supp. 2d 559, 563–66 (S.D.N.Y. 2013); *Zambrano v Strategic Delivery Solutions, LLC*, No. 15-cv-8410, at *33 (S.D.N.Y. Sept. 22, 2016); *Reynolds v. de Silva*, 09-cv-9218, 2010 U.S. Dist. LEXIS 18040, at *24 (S.D.N.Y. Feb. 24, 2010); *Torres v. United Healthcare Servs.*, 920 F. Supp. 2d 368, 379 (E.D.N.Y. 2013). The same result would be reached here.

In addition, Plaintiff, at the conclusion of his employment with Defendants, entered into an agreement whereby he agreed to release Defendants from, *inter alia*, any causes of action, suits, debts, sums of money, controversies, damages, claims and demands whatsoever, in law or equity. Thus, Plaintiff's claims are waived.

Accordingly, we request that Plaintiff honor his waiver of claims and agreements to arbitrate, and dismiss the Action. Should you and Plaintiff fail to do so, Defendant reserved all rights, including but not limited to seeking sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure. Please contact me at your earliest convenience to discuss.

Very truly yours,

Littler Mendelson, P.C.

William H. Ng

Enclosures

Firmwide:151260485.3 088224.1002

# Exhibit A

## ARBITRATION AGREEMENT

This agreement covers important issues regarding your rights. It is your responsibility to read and understand it. You may seek assistance from independent advisors, including legal counsel, outside of Wok 88 to discuss this agreement, which is a condition of your employment.

## ARBITRATION

### Overview and Applicable Rules

This agreement is governed by a law known as the Federal Arbitration Act. The agreement covers disputes related to your employment with Wok 88, including any related entities. Should your employment come to an end, the agreement will continue to apply to any dispute related to your employment, including termination.

Except where the agreement says otherwise, you and Wok 88 agree that any legal dispute covered by this agreement, or regarding the validity, enforceability, or breach of the agreement, will be resolved by something known as binding arbitration in accordance with the Employment Arbitration Rules of the American Arbitration Association ("AAA Rules") and not by court or jury. Such arbitration will be held in New York City unless the parties agree in writing to a different location.

You can find the AAA Rules online at www.adr.org or by searching for "AAA Employment Arbitration Rules" using a service such as www.google.com or by asking Wok 88's General Manager for a copy of the rules. If for any reason the AAA will not administer the arbitration, either party may apply to a court of competent jurisdiction with authority over the location where the arbitration will be conducted for appointment of a neutral arbitrator.

### Disputes Covered by Agreement

Except where the agreement says otherwise, it applies to disputes with any individual or entity, including Wok 88, related to your employment with Wok 88. For example, this agreement covers disputes involving: application for employment; background checks; privacy; minimum wage and overtime; other wage payments; breaks and meal periods; wage notices; termination; and other conditions of employment.

Therefore, the agreement covers claims under a variety of laws, including, for example, the Fair Credit Reporting Act, Fair Labor Standards Act, Family Medical Leave Act, Rehabilitation Act, Civil Rights Acts of 1866 and 1871, Civil Rights Act of 1964, Civil Rights Act of 1991, 42 U.S.C. §1981, Pregnancy Discrimination Act, Equal Pay Act, Americans With Disabilities Act, Age Discrimination in Employment Act, Worker Adjustment and Retraining Notification Act, and state or local laws addressing the same

1

or similar subject matters, and all other legal claims related to your employment (including without limitation torts and post-employment defamation or retaliation). **This agreement encompasses claims that arose before you sign into the Agreement as well as those that arise after you sign into the agreement.**

### Arbitration Fees, Costs and Expenses

You and Wok 88 must follow the AAA Rules applicable to initial filing fees, but in no event will you be responsible for any portion of fees in excess of the filing or initial appearance fees applicable to court actions in the jurisdiction where the arbitration will be conducted. Wok 88 otherwise will pay all costs and expenses unique to arbitration, including without limitation the arbitrator's fees.

### Applicable Law and Arbitrator Decision

**The arbitrator must follow applicable law and may award only those remedies that would have applied had the matter been heard in court.** The arbitrator's decision must be in writing and contain findings of fact and conclusions of law. Judgment may be entered on the arbitrator's decision in any court having jurisdiction.

### Matters Excluded From Agreement

This agreement does not apply to claims for workers compensation, state disability insurance, or unemployment insurance benefits. Nothing contained in this agreement should be construed to prevent or excuse you (individually or in concert with others) or Wok 88 from using Wok 88's internal procedures for resolution of complaints, and this agreement is not intended to be a substitute for the use of such procedures. A party may apply to a court of competent jurisdiction for temporary or preliminary injunctive relief related to a covered dispute, but only if the award to which that party may be entitled would be rendered ineffectual without such relief.

Other disputes between the parties that cannot be subject to predispute arbitration under the law are excluded from the coverage of this agreement.

### Administrative Agency Matters

A claim may still be brought before and remedies awarded by an administrative agency if the law permits the agency to prosecute or adjudicate the claim despite this agreement. Such administrative claims include, for example, claims or charges brought before the Equal Employment Opportunity Commission, U.S. Department of Labor, National Labor Relations Board, or Office of Federal Contract Compliance Programs. Nothing in this agreement prevents or excuses a party from bringing an administrative claim before any agency in order to fulfill the party's obligation to exhaust administrative remedies before making a claim in arbitration.

## CLASS, COLLECTIVE AND REPRESENTATIVE ACTION WAIVER

**This Agreement affects your ability to participate in class, collective, or representative actions. Both Wok 88 and you agree to bring any dispute in arbitration on an individual basis only, and not on a class or collective basis on behalf of others.** There will be no right or authority for any dispute to be brought, heard, or arbitrated as a class, collective, or representative action, or as a member in any such class, collective, or representative proceeding ("Class Action Waiver"). Notwithstanding any other provision of this agreement or the AAA Rules, disputes regarding the validity, enforceability, or breach of the Class Action Waiver may be resolved only by a civil court of competent jurisdiction and not by an arbitrator.

In any case in which (1) the dispute is filed as a class, collective, or representative action and (2) there is a final judicial determination that all or part of the Class Action Waiver is unenforceable, the class, collective, or representative action to that extent must be litigated in a civil court of competent jurisdiction, but the portion of the Class Action Waiver that is enforceable shall be enforced in arbitration.

You will not be retaliated against, disciplined, or threatened with discipline as a result of your exercising your rights under the National Labor Relations Act by the filing of or participation in a class, collective, or representative action in any forum. However, Wok 88 may lawfully seek enforcement of this agreement and the Class Action Waiver under the Federal Arbitration Act and seek dismissal of such class, collective, or representative actions or claims. The Class Action Waiver will be severable in any case in which the dispute is filed as an individual action and severance is necessary to ensure that the individual action proceeds in arbitration.

## ENFORCEMENT OF THIS AGREEMENT

This agreement replaces all prior agreements regarding the arbitration of disputes and is the full and complete agreement relating to the formal resolution of disputes covered by this agreement. In the event any part of this agreement is deemed unenforceable, the remainder of this agreement will be enforceable. If the Class Action Waiver is deemed to be unenforceable, Wok 88 and you agree that the agreement is otherwise silent as to any party's ability to bring a class, collective, or representative action in arbitration.

**AGREED: WOK 88 INC. DBA WOK 88**

**AGREED AND RECEIVED:**
**EMPLOYEE NAME PRINTED:** Qin Hui Li
**EMPLOYEE SIGNATURE:** Qin hui Li
**DATE:** _____

3

<u>争议解决协议</u>

本协议涵盖了有关您的权利的一系列重要问题。您有责任阅读并理解本协议。您可以寻求独立顾问的援助（包括 WOK 88 之外的律师）来讨论本协议，这是您受聘的一个条件。

仲裁

<u>概述和适用规则</u>

本协议受《联邦仲裁法案》(Federal Arbitration Act) 的约束。本协议涵盖与您在 WOK 88（包括任何相关实体）工作有关的各种争议。如果您的雇佣结束，本协议将继续适用于与您的雇佣（包括解聘）有关的任何争议。

除非本协议另有规定，否则您与 WOK 88 同意，本协议涵盖的任何法律争议，或者有关本协议的有效性、可执行性或者违反本协议之行为的争议将由美国仲裁协会（而非法庭或陪审团）根据就业仲裁规则（以下简称"AAA 规则"）做出的具有约束力的仲裁来解决。此类仲裁应在纽约市举行，除非双方书面约定其他地点。

您可以在 www.adr.org 上或者使用 www.google.com 等服务网站搜索"AAA Employment Arbitration Rules"（AAA 受聘仲裁规则）找到 AAA 规则的在线版本，也可以咨询 WOK 88 的总经理来获得该规则的副本。如果出于某种原因，美国仲裁协会未实施该仲裁，则任何一方均可向对该地点具有司法管辖权的法院提出申请，任命一名中立仲裁员进行仲裁。

<u>本协议涵盖的争议</u>

除非本协议另有规定，否则本协议适用于您在 WOK 88 工作涉及的与任何个人或实体（包括 WOK 88）的争议。例如，本协议涵盖的争议涉及：求职；背景调查；隐私；最低工资和加班费；支付的其他工资；休息时间；工资通知；解聘；以及其他受聘条件。

因此，本协议涵盖各种法律规定的索赔，举例而言，这些法律包括《公平信用报告法案》(Fair Credit Reporting Act)、《公平劳动标准法案》(Fair Labor Standards Act)、《家庭和医疗休假法案》(Family Medical Leave Act)、《康复法案》(Rehabilitation Act)、《1866 年和 1871 年民权法案》(Civil Rights Acts of 1866 and 1871)、《1964 年民权法案》(Civil Rights Act of 1964)、《1991 年民权法案》(Civil Rights Act of 1991)、《美国法典》第 42 卷第 1981 节、《反怀孕歧视法案》(Pregnancy Discrimination Act)、《公平报酬法案》(Equal Pay Act)、《美国残疾人法案》(Americans With Disabilities Act)、《反就业年龄歧视法案》(Age Discrimination in Employment Act)、《劳动者调整与再培训通知法案》(Worker Adjustment and Retraining Notification Act) 和论述相同或相似主题的国家或地方法律，以及其他所有与您的雇佣相关的法律索赔（包括但不限于侵权和雇佣结束后的诽谤和报复）。本协议包括您签署本协议之前和签署本协议之后发生的索赔。

1

### 仲裁费、费用和开支

您和 WOK 88 必须遵守适用于首次申诉费的 AAA 规则，但在任何情况下，您均无需负责费用中超出适用于执行仲裁的管辖法院诉讼的申诉费或首次受理费的任何部分。除此之外，WOK 88 将支付专属于仲裁的所有费用和开支，包括但不限于仲裁员的费用。

### 适用法律和仲裁裁决

仲裁员必须遵守适用的法律，并且在裁决中只能给出那些在法院审理时会采取的补救措施。仲裁员的裁决必须采用书面形式，并包含事实调查结果和法律结论。具有司法管辖权的任何法院都可以将仲裁员的裁决作为判决的依据。

### 协议排除的事项

本协议并不适用于对劳动者报酬、州伤残保险或失业保险金的索赔。本协议中包含的任何内容均不得解释为禁止或不允许您（个人或与他人共同）或 WOK 88 采用 WOK 88 的内部程序解决投诉问题，并且本协议无意替代此类程序的采用。一方当事人可以就涉及的争议向有管辖权的法院申诉临时和初步禁令救济，但前提是，如果没有这样的救济，裁决对于该享有权利的一方当事人可能会失去效力。

双方之间不能依照法律规定进行争议前仲裁的其他争议不在本协议的覆盖范围内。

### 行政机构事项

尽管本协议可能有任何其他规定，如果法律允许行政机构受理索赔诉讼或作出裁定，则仍可以向该机构提起索赔诉讼和由该机构作出补救措施。举例而言，此类行政索赔包括向平等就业机会委员会、美国劳工部、国家劳工关系委员会或联邦合同合规项目办公室提出的索赔或指控。本协议中包含的任何内容均不禁止或允许一方当事人向任何机构提起行政索赔，以便该方当事人在仲裁中提出索赔之前尽可能履行行政救济义务。

### 共同、集体与代表人诉讼豁免

本协议影响您参与共同、集体与代表人诉讼的能力。WOK 88 与您同意仅对个人的任何争议进行仲裁，而不代表他人进行共同或集体仲裁。任何当事人均无权利或权力以共同、集体或代表人诉讼的形式提起、审理或仲裁任何争议，也无权成为任何此类共同、集体或代表人诉讼的成员（以下简称"共同诉讼豁免"）。尽管本协议或 AAA 规则可能有其他规定，但有关上述共同诉讼豁免的有效性、可执行性或违反该豁免之行为的争议只能由有管辖权的民事法庭解决，不得由仲裁员裁决。

如果 (1) 争议被作为共同、集体或代表人诉讼提起，并且 (2) 最终司法裁决裁定共同诉讼豁免的全部或部分不可执行，则此范围内的共同、集体或代表人诉讼必须在有管辖权的民事法庭提起，但共同诉讼豁免中具有执行力的部分应在仲裁中执行。

您不会由于行使《国家劳动关系法案》(National Labor Relations Act) 赋予的权利在任何论坛中申请或参与共同、集体或代表人诉讼而受到打击报复、纪律处分或威胁。不过，WOK 88 可以根据《联邦仲裁法案》(Federal Arbitration Act) 合法地寻求强制执行本协议和共同诉讼豁免，以及寻求取消此类共同、集体或代表人诉讼或索赔。在任何情况下，如果争议被作为个人诉讼进行申请，并且有必要加以拆分以确保个人诉讼在仲裁中继续，则共同诉讼豁免将是可拆分的。

## 本协议的执行

本协议取代以前有关争议仲裁的所有协议，并且是正式解决本协议涵盖的有关争议的全面和完整协议。如果本协议的任何部分被视为不可执行，则本协议的其余部分仍将具有执行效力。如果共同诉讼豁免被视为不可执行，则 WOK 88 与您同意，对于任何一方在仲裁中提起共同、集体或代表人诉讼的能力，本协议不作任何限制。

签约双方：WOK 88 INC. DBA WOK 88

同意且收到：
员工姓名（正楷）：QINHUI LI

员工签名：Qinhui Li

日期：＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿

3

# Exhibit B

**Wok 88**
**1570 3rd Avenue**
**New York, NY 10128**
**(212) 828-8688**

李勤輝

SK定丁

DATE: _____

**VIA HAND DELIVERY**

Dear Li QIN HUI

    I am writing to confirm that on _____ you voluntarily resigned from your employment with Wok 88, Inc. ("Company"). This letter also confirms that you received your final compensation as indicated in the enclosed paystub(s). You have further advised us that you have returned all Company property in your possession.

    In addition, in exchange for consideration in the amount of $245 that was paid to you today, you, _____, as Releasor, releases and discharges the Company, including any parent companies, subsidiaries, divisions, related or affiliated companies, predecessors, successors or assigns, or its or their current or former employees, agents, shareholders, officers, and directors (the "Releasees"), from those actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, executions, bills, specialities, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims and demands whatsoever, in law or equity, whether known or unknown, which against the Releasees, the Releasor, Releasor's heirs, executors, administrators, representatives, agents, successors and assigns ever had, now have or hereafter can, shall or may have for, upon or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this release. Except as otherwise required by law, you will keep the existence and terms of this letter confidential. However, you may disclose these terms to your spouse, legal counsel, accountants and tax advisors.

    We thank you for the services you have provided and wish you the best in your future endeavors. Please sign below and return a copy of this letter to me to acknowledge your receipt of the letter and payment described herein. Should you have questions, please do not hesitate to contact me.

Sincerely,


**Enclosures**

I ACKNOWLEDGE AND UNDERSTAND THE ABOVE AND SIGNING THIS AGREEMENT FREELY AND VOLUNTARILY.

_Orihui Hi_
Employee

_____
Date