# EXHIBIT E



Littler Mendelson, PC
290 Broadhollow Road
Suite 305
Melville, NY  11747

William H. Ng
631.247.4707 direct
631.247.4700 main
631.918.7068 fax
wng@littler.com

March 15, 2018

**VIA FEDEX AND EMAIL (TROYLAW@TROYPLLC.COM)**

John Troy, Esq.
Troy Law, PLLC
41-25 Kissena Blvd., Suite 119
Flushing, NY 11355

Re:   *Li v. Wok 88 Inc., et al.*
      U.S. District Court, S.D.N.Y., Civil Case No. 1:17-cv-08715-GHW

Dear Counsel:

This law firm represents Defendants Wok 88 Inc. and Ai Chiu Chiang (collectively, the "Defendants") in the above-referenced action ("Action").

As a follow up to our November 28, 2017 correspondence and subsequent emails[1] to your firm in December 2017, we write, again, to formally request that Plaintiff Qin Hui Li ("Plaintiff") stipulate to dismissal in this Action in light of the Arbitration Agreements executed by your client.

On February 28, 2018, the parties appeared before U.S. District Judge Woods to discuss Defendants' anticipated motion to dismiss and compel arbitration. Annexed hereto at **Exhibit A** is a courtesy copy of the transcript from the parties' February 28, 2018 pre-motion conference. Judge Woods granted Defendants' request to file their motion and issued an order setting forth the parties' briefing schedule. Annexed hereto at **Exhibit B** is the Judge's Order. Defendants are required to file their motion by no later than April 6, 2018. Id.

Moreover, upon questioning by Judge Woods, Kibum Byun, Esq., who appeared for Plaintiff at the conference, acknowledged on the record that the binding law in the Second Circuit would not permit this lawsuit and requires Plaintiff to arbitrate the claims in this Action. See Ex. A, pp. 4-5. While Mr. Byun advised that he was leaving your firm, Judge Woods advised Mr. Byun to remind the attorneys at Troy Law PLLC of their obligations under Rule 11. Id. at pp. 10-11.

---

[1] The undersigned sent follow-up emails to your office December 13, 2017 and then on December 15, 2017 regarding Defendants' request for Plaintiffs to discuss the arbitration agreement executed by Plaintiff as well as Defendants' proposed stipulation of dismissal.

Troy Law, PLLC
March 15, 2018
Page 2

Based on the foregoing, we request that Plaintiff honor his waiver of claims and agreements to arbitrate, and dismiss the Action.   Annexed hereto at **Exhibit C** is a Stipulation of Dismissal and Proposed Order of Dismissal.

Lastly, should Plaintiff fail to stipulate to arbitration, which would require Defendants to move forward with their motion to dismiss and compel arbitration, please be advised that Defendants will be seeking attorneys' fees and costs pursuant to the Court's inherent power and 28 U.SC. § 1927. We also reserve all rights, including, but not limited to, seeking sanctions against Plaintiff and your firm pursuant to Rule 11 of the Federal Rules of Civil Procedure.

Should you wish to discuss this matter further, please feel free to contact me at (631) 247-4707. Thank you.

Very truly yours,

Littler Mendelson, P.C.

William H. Ng

Enclosures

Firmwide:153429847.1 088224.1002

Exhibit A

I2SYLICC                                                                1

1  UNITED STATES DISTRICT COURT
   SOUTHERN DISTRICT OF NEW YORK
2  ------------------------------x

3  QIN HUI LI,

4              Plaintiff,

5         v.                            17 CV 8715 (GHW)

6  WOK 88, INC., et al.,

7              Defendants.

8  ------------------------------x
                              New York, N.Y.
9                             February 28, 2018
                              9:30 a.m.
10
   Before:
11
                  HON. GREGORY H. WOODS,
12
                              District Judge
13
                        APPEARANCES
14
   TROY LAW, PLLC
15     Attorneys for Plaintiff
   BY:  KIBUM BYUN
16
   LITTLER MENDELSON, P.C.
17     Attorneys for Defendants Wok 88, Inc. and Ai Chiu Chiang
   BY:  WILLIAM H. NG
18

19

20

21

22

23

24

25

                SOUTHERN DISTRICT REPORTERS, P.C.
                        (212) 805-0300

1          (Case called)

2          THE DEPUTY CLERK:  Counsel, please state your names

3    for the record.

4          MR. BYUN:  Good morning, your Honor.  This is can I

5    Kibum Byun of Troy Law representing plaintiff.

6          THE COURT:  Thank you.

7          MR. NG:  Good morning, your Honor.  From the law firm

8    Littler Mendelson representing Wok 88, Inc. and the individual

9    Defendant Chiang.

10         THE COURT:  Thank you.  Good morning.

11         We're here for a premotion conference with respect to

12   this matter.  I've reviewed the letter submitted by the two

13   defendants represented here.  I'd like to discuss it with the

14   parties.

15         First just a comment about the order to show cause

16   that I issued earlier regarding why I shouldn't dismiss the

17   case for failure to serve process.

18         Rule 4(l) requires service of process and,

19   importantly, that those filings be filed with the Court.  So,

20   counsel for plaintiffs, you should please comply with Rule 4(l)

21   in the future.

22         I ultimately dismissed one of the defendants because

23   when you did ultimately comply with Rule 4(l) in response to my

24   order, you failed to do so with respect to all of the

25   defendants.

1          So I would just ask that you both comply with that

2     rule going forward and that you take good care about being

3     complete and thorough in your filings.  I understand today may

4     be your last day, counsel.  So please communicate this to your

5     colleagues.

6          Counsel for defendants, what's the nature of your

7     motion?  I don't see a copy of the agreement with the letter.

8     I see the excerpt from it.

9          Do you have a copy of the agreement that I can see?

10          MR. NG:  Yes, your Honor.  The reason why it was not

11     submitted was, just out of an abundance of caution, we believed

12     that your individual rules did not permit us to submit

13     attachments to our premotion conference, but we certainly have

14     an extra copy here for your Honor.

15          THE COURT:  Thank you.  Please hand it forward.

16          Have you shared a full copy of the agreement with

17     counsel for plaintiffs?

18          MR. NG:  Yes, your Honor.  That's correct.  By letter.

19     We sent it by FedEx on November 28, 2017.  I will provide a

20     copy of that letter with the attachment of the Exhibit A.  So

21     you can see the agreement.

22          THE COURT:  Thank you.

23          I've read the letter.  I understand that counsel for

24     the defendants attempted to communicate with the plaintiff's

25     counsel here before raising this motion with the Court.

```
 1              Is there anything else that you wanted to tell me in

 2   addition to what was presented in the letter, counsel for

 3   defendants?

 4              MR. NG:  No, your Honor.  As your Honor correctly

 5   noted, even within four days of the complaint being filed, we

 6   reached out no less than four times.  We tried to communicate

 7   with the plaintiff's counsel in order to avoid actually the

 8   parties coming down and wasting judicial resources, to avoid

 9   unnecessary motion practice, and to see if they would be

10   willing to stipulate to the arbitration.  Unfortunately, they

11   did not respond or agree.

12              THE COURT:  Thank you.

13              So, counsel for plaintiff, what's your view?

14              MR. BYUN:  Yes, your Honor.  First of all, contrary to

15   defendants' representation, I think the right under FLSA, the

16   statutory right under FLSA is not waivable.  But the question

17   is whether the arbitration agreement is enforceable or not.

18              I acknowledge that under Second Circuit it is

19   enforceable.  However, there is a pending Supreme Court case,

20   three Supreme Court cases, which is about to rule on this

21   issue.

22              They had an oral argument in October.  I believe it's

23   better to stay the motion or the case until the Supreme Court

24   rules on the issue of arbitration agreement for court direction

25   of FLSA, your Honor.
```

```
 1                THE COURT:  Thank you.

 2                So first, counsel, you recognize that the binding law

 3     in this circuit, if it applies, would not permit this lawsuit.

 4                Is that right?

 5                MR. BYUN:  Yes.  I understand that, your Honor.

 6                THE COURT:  Thank you.

 7                So your expectation is instead that the Supreme Court

 8     is likely to uphold -- is it the Seventh Circuit's decision

 9     regarding collective actions?

10                MR. BYUN:  I believe there's also a Second Circuit

11     case.  There are three cases.  I think it's three cases

12     together, your Honor, will be heard in the Supreme Court.  I

13     believe Ernst & Young is a Second Circuit case I believe,

14     your Honor.

15                THE COURT:  Thank you.

16                Counsel for defendant, what's your view regarding that

17     proposal, namely, that we hold these issues in abeyance pending

18     the Supreme Court's ruling on this question?

19                MR. NG:  Your Honor, I think as your Honor correctly

20     noted, the binding decision in the Second Circuit would compel

21     arbitration at this point.  I acknowledge that the cases are

22     before the Supreme Court and the decision about class action

23     waivers, collective action waivers are before the court, the

24     highest court.

25                I think, for the purposes of resolving this matter, I
```

1   think it should be sent to arbitration, whether that be motion

2   practice or whether the plaintiffs would be stipulating to

3   that.

4              THE COURT:   Thank you.

5              I think that's basically the question.   I'm not

6   prepared to stay the proceedings here pending resolution of the

7   Supreme Court's case.   The Second Circuit has spoken on this

8   issue.   The binding law in this court at this time applies

9   until it is changed.

10             I do not want to handicap the outcome of the

11  Supreme Court's decision, but I don't see a basis to do

12  anything other than to apply the law that governs this case at

13  this point.

14             I also note that as counsel here has stated, counsel

15  here represents only a subset of the many defendants who have

16  been sued by plaintiffs here.

17             So, counsel for plaintiff, why do you propose to stay

18  the action as a whole pending the Supreme Court's decision,

19  given the fact that you have pending claims against other

20  entities who have not made this application?

21             MR. BYUN:   Yes.   Other defendants in this action is in

22  default.   If the party went to arbitration, there would be

23  question about the liability of default parties as to how much

24  or whether they should be liable or binding to the judgment

25  arbitration.

```
 1              THE COURT:  I'm sorry.  What would be the basis for
 2    anyone to conclude that they were bound by the arbitration
 3    agreement?
 4              MR. BYUN:  That's the question.  Nobody, I don't think
 5    other than the appearing party, are binding by the arbitration
 6    agreement.  If arbitration judgment comes, there would be a
 7    question whether they should be liable or not.
 8              THE COURT:  Can you tell me what the nature is of the
 9    claims against the non-appearing defendants as compared to the
10    appearing defendants.
11              MR. BYUN:  Yes.  The nature of claims is the same.
12    It's essentially the wage-and-hour claim under FLSA and
13    New York Labor Law, your Honor.
14              THE COURT:  Thank you.
15              Let me ask the question differently.  The defendants
16    who are appearing here I understand currently operate and own
17    the restaurant.  Is that right?
18              MR. NG:  That's right, your Honor.
19              THE COURT:  Thank you.
20              Counsel for plaintiffs, who are the other defendants?
21    Is it your position that they operated the restaurant in a
22    prior period?  Why is it, in your view, the fact that they're
23    liable?
24              MR. BYUN:  Yes.  It's one restaurant, your Honor.
25    They operated it at a different period of time.
```

```
 1              THE COURT:  Thank you.

 2              So what's the issue with respect to overlapping

 3    damages that you suggest if the other defendants operated the

 4    restaurant in a prior period?

 5              MR. BYUN:  First of all, your Honor, we're not so sure

 6    before discovery when each defendant occupied and operated the

 7    restaurant, your Honor.  My client worked at the restaurant

 8    since 2009, your Honor.  So it's a question of when each

 9    restaurant started to operate.

10              I believe Wok on 88th Street operated since 1984, but

11    other restaurant is not quite clear.  We got the timeline from

12    New York state.  However, that's not usually the precise date

13    when they start to operate the restaurant, your Honor.

14    Sometimes they operate before they incorporate the corporation.

15    Sometimes they operate after they incorporate the corporation,

16    your Honor.

17              THE COURT:  Thank you.

18              Let me just explain what I'm thinking about, and you

19    can react.

20              So, as I understand the appearing defendants' request,

21    it is that you dismiss the claims against them and that those

22    claims proceed to arbitration as you concede as mandated by the

23    arbitration agreement and governing Second Circuit law.

24              They would then be out of this case.  You would then

25    have a continuing case against defendants who have not appeared
```

1  here or who are currently in default.

2         Given that the non-appearing defendants owned the

3  restaurant, according to your proffered facts, prior to these

4  defendants, it's not apparent to me why the dismissal of these

5  appearing defendants would have any impact on the determination

6  by the Court or at an inquest or otherwise regarding the amount

7  of damages owing by the defaulted defendants, assuming that

8  there is some.

9         Can you articulate why it is that you think that the

10 appearing defendants' dismissal of this lawsuit would have an

11 impact on the damages that you could pursue from the

12 non-appearing defendants.

13        MR. BYUN:  Yes, your Honor.  As you know, Judge, it

14 appears the way those corporate entity owned or operated the

15 restaurant at a different set of time.  However, your Honor,

16 those corporate entities have not been dissolved.  They are

17 still active under New York state law, and we do not know

18 whether they still have any active role in operating

19 restaurant.  We do not know that yet, your Honor.

20        So there is a question whether they could be jointly

21 liable for the liability for the appearing defendant,

22 your Honor.  That's one issue that we have in this action,

23 your Honor.

24        THE COURT:  Thank you.  That's fine.

25        I'm not sure that I completely appreciate that

1   argument.  But in any event, given, in particular, the fact

2   that you have continuing claims against other defendants that

3   you intend to pursue, I see no basis to hold in abeyance the

4   case as a whole while the Supreme Court rules on any issue that

5   may affect the governing law in this circuit.

6         I understand the plaintiffs concede that the agreement

7   by its terms mandates arbitration by the plaintiff with respect

8   to the appearing defendants.  So we have, I think, two

9   approaches:  Either, one, plaintiff can agree to stipulate to

10  the dismissal of those defendants from the action and pursue

11  the litigation with respect to the non-appearing defendants; or

12  two, we can litigate this issue by motion practice.  That is a

13  decision that I think is left to the parties.

14        Do you have a view regarding the way that you would

15  prefer to proceed at this time, counsel for plaintiff?

16        MR. BYUN:  At this moment, plaintiff would not like to

17  stipulate on the dismissal of claim against the appearing

18  defendants.

19        THE COURT:  Thank you.  That's fine.

20        I'll set a briefing schedule then, counsel.  Let me

21  just remind you, Mr. Byun.  You will not be signing this brief,

22  but someone from your firm will.

23        MR. BYUN:  Yes, your Honor.

24        THE COURT:  That person will be fully aware of their

25  obligations under Rule 11.  They will be certifying that their

1   arguments are based on existing law or nonfrivolous extension

2   of law.  You have conceded here that the agreement mandates

3   arbitration and that the Second Circuit's governing law

4   mandates arbitration in these circumstances.

5            I assume that you will inform whoever it is at your

6   law firm that will be signing the briefs in opposition to this

7   motion of your view regarding the law and the concessions made

8   on the record here.

9            To the extent the motion raises issues that I think

10  may be frivolous arguments with respect to the law in this

11  circuit, I expect that the lawyer will be aware of their

12  obligations under Rule 11.

13           So I'm happy to set a briefing schedule for this

14  motion with this understood.  Counsel, the schedule for this

15  motion is something that we're going to discuss now.

16           Counsel for defendant, when would you propose to file

17  your motion?  I understand, to be clear, that your motion is

18  not a motion to stay this litigation.  Rather, it's a motion to

19  compel arbitration and to dismiss the claims against these two

20  individual defendants or this set of individual defendants.  Is

21  that right?

22           MR. NG:  That's correct, your Honor.

23           THE COURT:  Thank you.

24           When would you propose to file your motion?

25           MR. NG:  Your Honor, would you be amenable with three

1   or four weeks?

2          THE COURT:  Thank you.  Yes.

3          What date would you propose?

4          MR. NG:  Can I do by March 28?  I think this extra

5   time would also allow whichever new attorney that may be

6   handling this for the plaintiffs to possibly consider the

7   record that we've discussed today.

8          THE COURT:  Thank you.

9          I'll set the deadline for submission of the motion for

10  April 6 which is just after the date that you propose.  Of

11  course, counsel, to the extent that you choose to file the

12  motion sooner than that, you may do so.

13         Counsel for plaintiffs, how much time do you need in

14  order to oppose the proposed motion?

15         MR. BYUN:  Yes, your Honor.  I believe we would need

16  about three to four weeks to oppose the motion, your Honor.

17         THE COURT:  Thank you.

18         Why?

19         MR. BYUN:  I believe there would be a new attorney who

20  will be doing all the researches.  I will give all the notices

21  from the Court today and everything, but I believe there will

22  be some time needed for him or her in the drafting of the

23  opposition, your Honor.

24         THE COURT:  Thank you.

25         Given that this is a relatively discreet issue, that

1  the issue is clearly presented in the letter by defendants,

2  given that, as we've discussed, the law with respect to this

3  issue is straightforward and the contract at issue is only

4  three pages long, I don't believe that a three-week period of

5  time to oppose is appropriate here.

6         The opposition will be due no later than two weeks

7  following service of the motion.  Any reply will be due no

8  later than one week following that.  That way the motion will

9  be fully briefed by the end of April and we'll be able to

10  decide the case.

11         To the extent that in the interim the Supreme Court

12  has decided that waiver of a collective action is not viable in

13  a way that impacts this lawsuit, we will be able to take that

14  into account.

15         In any event, I'm not sure why it would -- I'm sorry.

16  Counsel.

17         MR. NG:  If I may be heard.

18         THE COURT:  That's fine.

19         MR. NG:  You mentioned that we have up until April 6,

20  2018.  In the event that we are able to get that motion in

21  sooner -- we do want to provide him some time to consider what

22  has been discussed today.  But to the extent we can file it

23  earlier, would the same briefing schedule apply, the two weeks

24  to oppose and one week to submit a reply?

25         THE COURT:  Yes, it will.

```
 1              MR. NG:  I just want to make sure that's clear on the

 2   record.

 3              THE COURT:  Absolutely.  I'll include this in the

 4   order as well.  The deadline is the date that I set.  That's

 5   the last day on which the motion can be filed.  The deadline

 6   for the opposition and reply will be floating deadline based on

 7   the date of service of the motion or opposition that triggers

 8   the opposition or reply, as is applicable.

 9              MR. NG:  Thank you, your Honor.

10              THE COURT:  You're welcome.

11        Good.  So I will look forward to seeing your papers

12   here.

13              Can I ask, Mr. Byun, two questions:  First, assume for

14   these purposes that class action waivers in FLSA cases are not

15   permitted going forward, but arbitration of the FLSA actions is

16   permitted, mandatory FLSA arbitration is permitted, what does

17   that do with this lawsuit which has a single plaintiff?

18              MR. BYUN:  Yes, your Honor.  For this action, it would

19   go to arbitration, your Honor.

20              THE COURT:  Thank you.  Good.  Understood.  So another

21   reason why waiting for the Supreme Court to act is not a mete.

22              MR. NG:  Your Honor, may I just bring up one other

23   issue?

24              THE COURT:  Please.

25              MR. NG:  I know it's not the purpose of today's
```

1   conference.  But maybe, because plaintiff's counsel is here, I

2   can hopefully explain to him that there is also in this case a

3   general release that was signed by the plaintiffs.

4           I believe from plaintiff's counsel's initial remarks,

5   he said that wouldn't be applicable to the federal claims.

6   However, even if that was the case, they would be applicable to

7   the more stringent New York Labor Law standards.

8           So I think this is something that will be addressed

9   should this case proceed through arbitration, but it's another

10  reason why maybe plaintiff's counsel or whatever attorney takes

11  the case may wish to reconsider this matter.

12          THE COURT:  Thank you.  I'm sure they will have the

13  opportunity to do so.

14          Counsel, I'm not going to schedule an initial

15  pretrial conference.  As you know, this case was referred to

16  the mandatory FLSA pilot program because it's on my docket.  I

17  think that we should resolve this motion before going forward.

18          I understand that the other defendants have not

19  appeared, and therefore, to the extent that these defendants

20  are dismissed, it may be that plaintiff would choose to pursue

21  the continuing claims against the defaulting defendants through

22  a motion for default judgment or otherwise.  Good.

23          Is there anything else that we should discuss here?

24  Mr. Byun?

25          MR. BYUN:  Nothing further from plaintiffs,

I2SYLICC

1    your Honor.

2              THE COURT:  Thank you.

3              What are you going to do after you leave Troy Law?

4              MR. BYUN:  I'm going back to my country to visit my

5    family.  My dad has health issues.  So I need to take care of

6    his health issues.

7              THE COURT:  I'm sorry to hear that.  Good luck.

8              MR. BYUN:  Thank you, your Honor.

9              THE COURT:  Good.  Anything else from defendants?

10             MR. NG:  Nothing further, your Honor.  Thank you very

11   much.

12             THE COURT:  Good.  This proceeding is adjourned.

13             (Adjourned)

14

15

16

17

18

19

20

21

22

23

24

25

Exhibit B

```
┌─────────────────────────────────────┐
│ USDC SDNY                            │
│ DOCUMENT                             │
│ ELECTRONICALLY FILED                 │
│ DOC #: _____               │
│ DATE FILED: 3/1/2018                 │
└─────────────────────────────────────┘
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- X

:
QIN HUI LI,                                            :
                                                       :
                          Plaintiff,                   :
                                                       :
                                                       :           1:17-cv-8715-GHW
                                                       :
              -against-                                :
                                                       :           ORDER
                                                       :
WOK 88, INC. d/b/a WOK 88, WOK ON 88[111]  :
RESTAURANT, INC. d/b/a WOK 88, WOK     :
WOK CORP. d/b/a WOK 88, AI CHIU        :
CHIANG, STEVE WU,                                      :
                                                       :
                          Defendants.  :
                                                       :
                                                       :
------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

        As stated on the record during the pre-motion conference on February 28, 2018, Defendants

Wok 88, Inc. d/b/a Wok 88 and Ai Chiu Chiang's motion to dismiss and to compel arbitration is

due no later than April 6, 2018. Plaintiff's opposition is due no later than two weeks after service of

Defendants' motion. Defendants' reply, if any, is due no later than one week after service of

Plaintiff's opposition.

        Plaintiff is directed to serve a copy of this order on all Defendants who have not appeared

through counsel and to retain proof of service.

        SO ORDERED.

Dated: February 28, 2018
       New York, New York                              _____
                                                       GREGORY H. WOODS
                                                       United States District Judge

Exhibit C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| QIN HUI LI<br>*on behalf of himself and others similarly situated*,<br><br>Plaintiff,<br><br>-against-<br><br>WOK 88 INC. d/b/a Wok 88, WOK ON 88TH<br>RESTAURANT INC. d/b/a Wok 88, WOK WOK<br>CORP. d/b/a Wok 88, AI CHIU CHIANG, and<br>STEVE WU<br><br>Defendants. | Civil Case No.: 17-CV-8715-GHW<br><br>**STIPULATION OF DISMISSAL** |

This Stipulation of Dismissal is entered into by and between Plaintiff Qin Hui Li (the "Plaintiff"), and Defendants Wok 88 Inc. d/b/a Wok 88 and Ai Chiu Chiang (the "Defendants") (collectively, the "Parties").

WHEREAS, Plaintiff commenced the above-captioned action against Defendants on November 9, 2017, asserting claims under the Fair Labor Standards Act, New York Labor Law, Internal Revenue Code and New York General Business Law;

WHEREAS, Plaintiff's purported claims arise out of his alleged employment with Defendants;

WHEREAS, Plaintiff, during his employment with Defendants, executed Arbitration Agreements (the "Agreements"), wherein Plaintiff agreed to arbitrate all claims against Defendants arising out of or relating to his employment, including claims arising under, *inter alia*, the Fair Labor Standards Act and state statutes addressing the same or similar subjects, and to pursue claims in arbitration only on an individual basis (not a class or collective action basis);

WHEREAS, on November 28, 2017, Defendants' counsel forwarded Plaintiff's counsel copies of the Agreements signed by Plaintiff;

NOW, THEREFORE, pursuant to Rule 41(a) of the Federal Rules of Civil Procedure, the

parties hereby stipulate that Plaintiff voluntarily dismisses his claims (without prejudice) as to Defendants, so that those claims can proceed to final and binding arbitration on an individual (not class or collective) basis, in accordance with the Agreements executed by Plaintiff.

All parties are to bear their own costs and legal fees with respect to these dismissed claims. A proposed Order of Dismissal is annexed hereto as Exhibit A.

Dated: _____, 2018                    Dated: _____, 2018

TROY LAW, PLLC                                 LITTLER MENDELSON, P.C.

By: _____                      By: _____
   John Troy, Esq.                                William H. Ng, Esq.
41-25 Kissena Boulevard, Suite 119             290 Broadhollow Road, Suite 305
Flushing, New York 11355                       Melville, New York 11747
(718) 762-1324                                 (631) 247-4700
johntroy@troypllc.com                          wng@littler.com

*Attorneys for Plaintiff*                       *Attorneys for Defendants*
                                               *Wok 88 Inc. d/b/a Wok 88 and Ai Chiu*
                                               *Chiang*

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

QIN HUI LI
*on behalf of himself and others similarly situated,*

Plaintiff,

-against-

WOK 88 INC. d/b/a Wok 88, WOK ON 88TH
RESTAURANT INC. d/b/a Wok 88, WOK WOK
CORP. d/b/a Wok 88, AI CHIU CHIANG, and
STEVE WU

Defendants.

Civil Case No.: 17-CV-8715-GHW

**PROPOSED ORDER OF DISMISSAL**

**IT IS HEREBY ORDERED:**

THAT pursuant to the Stipulation of Dismissal executed on _____, 2018 by Plaintiff Qui Hui Li ("Plaintiff") and Defendants Wok 88 Inc. d/b/a Wok 88 and Ai Chiu Chiang, Plaintiff's claims as to Defendants Wok 88 Inc. d/b/a Wok 88 and Ai Chiu Chiang are hereby dismissed without prejudice so those claims can proceed to final and binding arbitration on an individual (not class or collective) basis, in accordance with the Parties' Arbitration Agreements, as otherwise agreed upon by the Parties. All parties are to bear their own costs and fees with respect to these dismissed claims.

**SO ORDERED THIS** _____ **day of** _____, **2018.**

_____
Gregory H. Woods, U.S.D.J.