USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/11/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X
      :
QIN HUI LI, on behalf of himself and others  :
similarly situated,      :    1:17-cv-8715-GHW
      :
           Plaintiff,  :
           -v-  :    MEMORANDUM OPINION
      :    AND ORDER
WOK 88 INC. d/b/a Wok 88, WOK ON 88TH  :
RESTAURANT INC. d/b/a Wok 88, WOK WOK  :
CORP. d/b/a Wok 88, AI CHIU CHIANG, and  :
STEVE WU,  :
      :
           Defendants.  :
      :
------------------------------------------------------------------X

GREGORY H. WOODS, United States District Judge:

      Plaintiff Qin Hui Li agreed to arbitrate any claims arising from his employment as a deliveryman for Wok 88, a Manhattan Chinese restaurant. After Plaintiff's employment with Defendants ended, he brought various claims against his employers under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). Rather than pursue those claims in arbitration, as he had agreed to do, Plaintiff filed this lawsuit. After conceding that the arbitration agreement executed by Plaintiff was valid and enforceable under the law at the time, Plaintiff's counsel nonetheless refused to stipulate to the dismissal of Plaintiff's claims in favor of arbitration. Defendants Wok 88 and Chiang filed a motion to dismiss this case and compel arbitration. In that motion, which is unopposed by Plaintiff, Defendants also seek the imposition of sanctions under 28 U.S.C. § 1927 ("Section 1927"). Because the arbitration agreement is valid and enforceable and includes within its scope all of the claims asserted by Plaintiff, Defendants' motion to dismiss is GRANTED. While Plaintiff's counsel's refusal to adhere to the terms of the arbitration agreement

has caused unnecessary delay and expenditure of resources, counsel's conduct does not evince the bad faith required under Section 1927. Therefore, Defendants' motion for sanctions is DENIED.

I.  BACKGROUND[1]

Plaintiff Qin Hui Li was employed by Defendants as a deliveryman for Wok 88, a Chinese restaurant in Manhattan, between August 2016 and November 2017. *See* Compl. (ECF No. 1) ¶ 54. During his employment at Wok 88, Plaintiff executed an undated arbitration agreement ("Arbitration Agreement"), signing versions in both English and Chinese. *See* Declaration of William Ng (ECF No. 28) ("Ng Decl.") ¶ 2 & Ex. A. The Arbitration Agreement applies to "disputes with any individual or entity, including Wok 88, related to [Plaintiff's] employment with Wok 88." Ng Decl., Ex. A at 1. The Arbitration Agreement explicitly states that it is governed by the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.* ("FAA"), and that "any legal dispute covered by [the Arbitration Agreement] . . . will be resolved by something known as binding arbitration in accordance with the Employment Arbitration Rules of the American Arbitration Association . . . and not by court or jury." *Id.* In addition, the Arbitration Agreement expressly sets forth that its terms shall cover disputes involving "minimum wage and overtime; other wage payments; breaks and meal periods; wage notices; termination; and other conditions of employment." *Id.* In particular, Plaintiff agreed to arbitrate claims arising under "the Fair Labor Standards Act . . . and state or local laws addressing the same or similar subject matters," and "claims that arose before [Plaintiff entered] into the [Arbitration Agreement] as well as those that arise after [Plaintiff signs] the [Arbitration Agreement]. *Id.* at 1-2.

---

[1] Unless otherwise noted, the facts are taken from the complaint and accepted as true for purposes of this motion. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The terms of the Arbitration Agreement also require Plaintiff to pursue claims in arbitration individually, and not on a class or collective action basis. *Id.* at 3. Specifically, the Arbitration Agreement provides:

> This [Arbitration Agreement] affects [Plaintiff's] ability to participate in a class, collective or representative actions. Both Wok 88 and [Plaintiff] agree to bring any dispute in arbitration on an individual basis only, and not on a class or collective basis on behalf of others. There will be no right or authority for any dispute to be brought, heard, or arbitrated as a class, collective, or representative action, or as a member in any such class, collective, or representative proceeding ("Class Action Waiver").

*Id.* at 3.

On November 9, 2017, Plaintiff filed this action, bringing claims against Defendants for violations of the FLSA and NYLL. *See* ECF No. 1. Specifically, Plaintiff asserts claims under the FLSA and NYLL for Defendants' failure to pay the minimum wage, failure to pay overtime, failure to pay spread of hours, failure to provide meal breaks, failure to properly keep records, failure to provide the required wage notices, failure to provide pay stubs, and fraudulent filing of IRS returns. Plaintiff also asserts a claim for deceptive acts and practices under section 349 of New York's General Business Law ("GBL"). The GBL claim is predicated on Defendants' failure to pay wages owed to their employees. *See id.* ¶ 129-30. In addition to claims on his own behalf, Plaintiff asserts claims on behalf of all other current and former employees who have been employed by Defendants for up to three years preceding the judgment in this case and who were not compensated at least the hourly minimum wage and/or overtime for all hours worked in excess of forty hours per week. *Id.* ¶ 71.

On February 20, 2018, Defendants Wok 88 and Ai Chiu Chiang requested a pre-motion conference regarding Defendants' anticipated motion to dismiss Plaintiff's claims against them and compel arbitration. ECF No. 11. The Court granted Defendants' request and scheduled a conference for February 28, 2018. ECF No. 14. At the pre-motion conference, Plaintiff's counsel,

Kibum Byun, an associate of the Troy Law Firm, acknowledged that Plaintiff executed the Arbitration Agreement and conceded that "under the Second Circuit, [the Arbitration Agreement] is enforceable." *See* Ng Decl., Ex. D at 4:14-21, 5:2-5, 10:6-8. Plaintiff's counsel requested a stay of this matter pending the Supreme Court's decision regarding the enforceability of class action waivers in employer arbitration agreements, a decision which was pending at the time in *Epic Systems Corp. v. Lewis*, 138 S. Ct. 1612 (2018). The Court denied that request. When asked if Plaintiff would stipulate to the dismissal of the claims against Wok 88 and Chiang, however, Plaintiff's counsel replied that he would not. *Id.* at 10:16-18. The Court set a briefing schedule for Defendants' motion. ECF No. 19.

On March 29, 2018, Defendants Wok 88 and Chiang filed a motion to dismiss the complaint, compel arbitration, and to award Defendants reasonable attorneys' fees and costs incurred in connection with this matter. ECF No. 26. Plaintiff's opposition to that motion was due no later than April 12, 2018—two weeks after service of the motion. *See* ECF No. 19. Plaintiff did not file an opposition. On April 27, 2018, the Court held a telephone conference with the parties, during which Plaintiff's counsel agreed to stipulate to the dismissal of the claims against Defendants Wok 88 and Chiang and to proceed with arbitration in accordance with the Arbitration Agreement. Transcript of April 27, 2018 Telephone Conference ("TC Tr.") at 2:16-24. During that conference, however, Defendants' counsel stated that, despite Plaintiff's willingness to stipulate to the dismissal of the action, Defendants still wished to proceed with their motion to recover attorneys' fees under Section 1927. *Id.* at 3:20-4:5. As a result, Plaintiff did not stipulate to the dismissal of this action, and the Court is required to evaluate Defendants' unopposed motion.

4

## II. LEGAL STANDARDS

### A. Federal Arbitration Act

The FAA was enacted to "replace judicial indisposition to arbitration with a national policy favoring it . . . ." *Hall St. Associates, L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 581 (2008) (internal quotation marks, brackets, and citation omitted). Under Section 2 of the FAA, as a general matter, arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA also provides that parties can petition the relevant district court for an order compelling arbitration under 9 U.S.C. § 4. Section 4 of the FAA provides, in relevant part:

> A party aggrieved by the alleged failure, neglect or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement . . . .

9 U.S.C. § 4. A party has "refused to arbitrate" within the meaning of Section 4 if it "commences litigation or is ordered to arbitrate the dispute by the relevant arbitral authority and fails to do so." *See LAIF X SPRL v. Axtel, S.A. de C.V.*, 390 F.3d 194, 198 (2d Cir. 2004) (citation and brackets omitted); *see also Jacobs v. USA Track & Field*, 374 F.3d 85, 89 (2d Cir. 2004) (finding no refusal to arbitrate where respondents had neither commenced litigation nor failed to comply with an order to arbitrate by the American Arbitration Association).

"The role of federal courts, in ruling on a petition to compel arbitration under the FAA, is 'limited to determining two issues: (i) whether a valid agreement or obligation to arbitrate exists, and (ii) whether one party to the agreement has failed, neglected, or refused to arbitrate.'" *Issacs v. OCE Bus. Servs., Inc.*, 968 F. Supp. 2d 564, 566-67 (S.D.N.Y. 2013) (quoting *Shaw Grp. Inc. v. Triplefine Int'l Corp.*, 322 F.3d 115, 120 (2d Cir. 2003)). If the Court determines "that an arbitration agreement is

5

valid and the claim before it is arbitrable, it must stay or dismiss further judicial proceedings and order the parties to arbitrate." *Patterson v. Raymours Furniture Co.*, 96 F. Supp. 3d 71, 75 (S.D.N.Y. 2015), *aff'd*, 659 F. App'x 40 (2d Cir. 2016), as corrected (Sept. 7, 2016), as corrected (Sept. 14, 2016) (quoting *Nunez v. Citibank, N.A.*, No. 08-cv-5398 (BSJ), 2009 WL 256107, at *2 (S.D.N.Y. Feb. 3, 2009)).

In resolving a motion to compel arbitration under Section 4 of the FAA, "the court applies a standard similar to that applicable [to] a motion for summary judgment." *Bensadoun v. Jobe-Riat*, 316 F.3d 171, 175 (2d Cir. 2003). Thus, "it is proper (and in fact necessary) to consider . . . extrinsic evidence when faced with a motion to compel arbitration." *BS Sun Shipping Monrovia v. Citgo Petroleum Corp.*, No. 06-cv-839 (HB), 2006 WL 2265041, at *3 n.6 (S.D.N.Y. Aug. 8, 2006) (citing *Sphere Drake Ins. Ltd. v. Clarendon Nat. Ins. Co.*, 263 F.3d 26, 32-33 (2d Cir. 2001)); *accord Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 229 (2d Cir. 2016). In addition, "[i]f the party seeking arbitration has substantiated the entitlement by a showing of evidentiary facts, the party opposing may not rest on a denial but must submit evidentiary facts showing that there is a dispute of fact to be tried." *Oppenheimer & Co. v. Neidhardt*, 56 F.3d 352, 358 (2d Cir. 1995); *accord Schnabel v. Trilegiant Corp.*, 697 F.3d 110, 113 (2d Cir. 2012) ("Allegations related to the question of whether parties formed a valid arbitration agreement . . . are evaluated to determine whether they raise a genuine issue of material fact that must be resolved by a fact-finder at trial.").

Following the initial inquiry as to whether the parties agreed to arbitrate, the Court must then determine "the scope of that agreement, [and], if federal statutory claims are asserted, it must consider whether Congress intended those claims to be nonarbitrable." *JLM Indus., Inc. v. Stolt-Nielsen SA*, 387 F.3d 163, 169 (2d Cir. 2004) (quoting *Oldroyd v. Elmira Sav. Bank, FSB*, 134 F.3d 72, 75-76 (2d Cir. 1998)). To the extent certain terms within the agreement are alleged to be unsuitable for arbitration, "the party resisting arbitration bears the burden of proving the claims at issue are

6

unsuitable for arbitration." *Green Tree Fin. Corp.-Alabama v. Randolph*, 531 U.S. 79, 91 (2000); *see also Whitehaven S.F., LLC v. Spangler*, 45 F. Supp. 3d 333, 342-43 (S.D.N.Y. 2014) ("Whether it argues that arbitration is improper because the arbitration agreement is invalid under a defense to contract formation, or asserts that the arbitration contract does not encompass the claims at issue, either way, the resisting party shoulders the burden of proving its defense." (citing *Kulig v. Midland Funding, LLC*, No. 13-cv-4715 (PKC), 2013 WL 6017444, at *2 (S.D.N.Y. Nov. 13, 2013))).

**B. Section 1927**

Section 1927 provides that "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Section 1927 is "indifferent to the equities of a dispute and to the values advanced by the substantive law. It is concerned only with the limiting the abuse of court processes." *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 762 (1980).

An award made under Section 1927 is akin to an award made pursuant to the court's inherent powers. *Oliveri v. Thompson*, 803 F.2d 1265, 1273 (2d Cir. 1986).[2] "Imposition of a sanction under § 1927 requires a clear showing of bad faith," *id.*, and is appropriate if a court finds that the conduct at issue is (i) entirely without color, and (ii) motivated by improper purposes, *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 336 (2d Cir. 1999). "Conduct is entirely without color when it lacks any legal or factual basis; it is colorable when it has some legal and factual support, considered in light of the reasonable beliefs of the attorney whose conduct is at issue." *Wolters Kluwer Fin. Servs., Inv. v. Scivantage*, 564 F.3d 110, 114 (2d Cir. 2009) (citation omitted). "[A]n award

---

[2] Unlike sanctions imposed pursuant to the court's inherent power, sanctions under Section 1927 may only be imposed against an attorney or person authorized to practice before the courts. *See* 28 U.S.C. § 1927; *Oliveri*, 803 F.2d at 1273.

7

under § 1927 is proper when the attorney's actions are *so completely without merit* as to require the conclusion that they must have been undertaken for some improper purpose such as delay." *Revson v. Cinque & Cinque, P.C.*, 221 F.3d 71, 79 (2d Cir. 2000) (quoting *Oliveri*, 803 F.2d at 1273) (emphasis in *Revson*). In addition, "[t]he court's factual findings of bad faith must be characterized by a high degree of specificity." *Wolters Kluwer*, 564 F.3d at 114.

## III. DISCUSSION

### A. The Arbitration Agreement is Valid and Enforceable

Plaintiff must arbitrate his claims against Defendants[3] in accordance with the terms of the Arbitration Agreement. Plaintiff has chosen not to oppose Defendants' arguments. It is undisputed that Plaintiff signed the Arbitration Agreement. *See* Ng Decl., Ex. D at 3, 11. It is also undisputed that Plaintiff "received notice and assented to [the Arbitration Agreement]." *Litvinov v. UnitedHealth Grp. Inc.*, No. 13-cv-8541 (KBF), 2014 WL 1054394, at *2 (S.D.N.Y. Mar. 10, 2014). In the absence of any allegations or evidence to the contrary, the Court concludes that Plaintiff knew of and assented to the terms of the Arbitration Agreement. *See Issacs*, 968 F. Supp. 2d at 569 ("Under New York law, a person who 'signs or accepts a written contract is conclusively presumed to know its contents and to assent to them.'" (quoting *Gold v. Deutsche Aktiengesellschaft*, 365 F.3d 144, 149 (2d Cir. 2004))). Those terms include, *inter alia*, an agreement to arbitrate disputes arising out of Plaintiff's employment, including claims brought under the FLSA and NYLL. In addition, there is no dispute that the claims Plaintiff asserts in his complaint are within the scope of the Arbitration Agreement: all of Plaintiff's claims fall under the FLSA, the NYLL, or otherwise have to do with unpaid wages. *See* Compl. ¶¶ 81-131. The Arbitration Agreement explicitly captures each of these types of claim. *See* Ng Decl., Ex. A at 1. Indeed, Plaintiff's counsel acknowledged at the pre-motion

---

[3] Because only Wok 88 and Chiang have appeared in this case and moved to compel arbitration, the Court refers to those Defendants as "Defendants."

8

conference that the Arbitration Agreement covers the claims asserted by Plaintiff.  *See* Ng Decl., Ex. D at 3-4, 9-11.  Therefore, absent any asserted defenses to the validity and enforceability of the Arbitration Agreement, the Court concludes that the Arbitration Agreement is valid and enforceable.  *See Green Tree Fin.*, 531 U.S. at 91-92; *Whitehaven S.F.*, 45 F. Supp. 3d at 342-43.

Finally, the law is clear that Plaintiff's claims may be resolved through arbitration despite the collective action waiver contained in the Arbitration Agreement.  At the time that Plaintiff filed this action, Second Circuit precedent confirmed the validity and enforceability of arbitration agreements containing express collective action waivers.  *See Sutherland v. Ernst & Young LLP*, 726 F.3d 290, 297 (2d Cir. 2013) (upholding class action waiver and reversing district court's decision to deny motion to compel arbitration of plaintiffs' FLSA and NYLL overtime claims).  More recently, the Supreme Court affirmed this principle.  *See generally Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612 (2018) (upholding the enforceability of arbitration agreements that require employees to waive collective action under the FLSA).  As the Supreme Court explained, the FLSA does not include a contrary congressional command that prevents a class action waiver provision in an employer arbitration agreement from being enforced in accordance with its terms.  Rather, the Arbitration Act is "a congressional command requiring [courts] to enforce, not override" the terms of an arbitration agreement containing a collective action waiver.  *Id.* at 1623; *see also Sutherland*, 726 F.3d at 296 ("As in the antitrust context, '[n]o contrary congressional command requires us to reject the waiver of class arbitration' in the FLSA context." (quoting *Am. Express Co. v. Italian Colors Rest.*, 570 U.S. 228, 233 (2013)).

For these reasons, Defendants' motion to compel arbitration is granted.  Plaintiff will have the opportunity to pursue his claims against Defendants Wok 88 and Ai Chiu Chiang in arbitration.

### B. Section 1927 Sanctions

Defendants have submitted the declaration of William Ng in support of their motion for sanctions. That declaration and the attached exhibits establish the following.

Defendants' counsel attempted to contact Plaintiff's counsel numerous times following the filing of the complaint to discuss the action and inform Plaintiff's counsel of the Arbitration Agreement. Ng Decl., Ex. B. Plaintiff's counsel was unresponsive to that outreach. Ng Decl. ¶¶ 4-6. When Plaintiff's counsel did respond, on December 15, 2017, he simply stated that he has a "policy of not negotiating with parties who haven't appeared." Ng Decl. ¶ 7 & Ex. B. On the same day, defense counsel replied that Defendants had not yet been served, and, thus, they were not yet required to appear in the case. *Id.* Defense counsel advised that Defendants wanted to attempt to "resolve th[e] arbitration issue without unnecessary motion practice." *Id.* Plaintiff's counsel did not respond to the December 15, 2017 email. Ng Decl. ¶ 8. As a result, Defendants' counsel sought leave to file a motion to dismiss and compel arbitration. *See* Ng Decl. ¶ 8; ECF No. 11.

During the pre-motion conference, Plaintiff's counsel acknowledged that Plaintiff had executed the Arbitration Agreement and conceded that "under the Second Circuit, [the Arbitration Agreement] is enforceable." *See* Ng Decl., Ex. D at 4:14-21, 5:2-5, 10:6-8. Plaintiff's counsel argued, however, that Defendants' motion to compel arbitration should be stayed until the Supreme Court ruled on the validity of FLSA collective action waivers in employer arbitration agreements, an issue that had been argued in front of the Supreme Court but was still pending decision at the time in *Epic Systems*. *Id.* at 4:19-5:25. The Court denied that request. *Id.* at 10:1-5.

Following the pre-motion conference, on March 15, 2018, Defendants' counsel wrote to Plaintiff's counsel, reiterating Defendants' position and requesting that Plaintiff honor the Arbitration Agreement to avoid motion practice. Ng Decl., Ex. E. On March 29, 2018, after receiving no response, Defendants' counsel filed this motion. ECF No. 26. Defendants seek

reasonable attorneys' fees and costs incurred as a result of Plaintiff's refusal to proceed with arbitration of his claims in this action in accordance with the Arbitration Agreement. *See id.*

Defendants' motion for sanctions is brought only under Section 1927. The lynchpin of a Section 1927 claim is bad faith. *See Oliveri*, 830 F.2d at 1273; *Schlaifer Nance & Co.*, 194 F.3d at 336, 338. While the conduct of Plaintiff's counsel was not laudable, Defendants have not demonstrated bad faith. True, much of Defendants' and the Court's time has been spent addressing the clear provisions of the Arbitration Agreement. The Court has held two conferences to discuss the issue, and Defendants have been forced to engage in motion practice. However, Defendants have not shown that Plaintiff's counsel's refusal to consent to arbitration was prompted by improper motives.

As the Court has explained, Mr. Byun acknowledged in the February 28, 2018 conference with the Court that under existing Second Circuit law, the Arbitration Agreement was enforceable. Typically, an attorney's continued resistance to arbitration in light of such a concession would be evidence of bad faith. *See, e.g.*, *Sands Bros. & Co., Ltd. v. Nasser*, No. 03-cv-8128 (BSJ), 2004 WL 26550, at *3 (S.D.N.Y. Dec. 31, 2003) (noting that a court may impose sanctions where "the party refusing arbitration acted without justification or did not have a reasonable chance to prevail" (citation omitted)); *see also Novik & Co., Inc. v. Jerry Mann, Inc.*, 497 F. Supp. 447, 450 (S.D.N.Y. 1980) (awarding attorneys' fees in part based on "unnecessary and unjustifiable persistence with which respondents have . . . opposed arbitration"); *see also Revson*, 221 F.3d at 78-79 (noting that one improper motive is an intent to delay litigation). Here, however, Mr. Byun's refusal to stipulate to the dismissal of Plaintiff's claims in favor of arbitration was not entirely without basis. Pending before the Supreme Court were three consolidated cases that raised the issue of the enforceability of collective action waivers in employer arbitration agreements—*Lewis v. Epic Sys. Corp.*, 823 F.3d 1147 (7th Cir. 2016), *Morris v. Ernst & Young LLP*, 834 F.3d 975 (9th Cir. 2016), and *Murphy Oil USA, Inc. v. Nat'l Labor Relations Bd.*, 808 F.3d 1013 (5th Cir. 2015). The Supreme Court heard oral argument

11

on the collective action waiver issue in October 2017, the month before Plaintiff initiated this case. *See* Transcript of Oral Argument, *Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612 (2018) (No. 16-285). Given the fact that *Epic Systems* was pending before the Supreme Court, Plaintiff's counsel's unwillingness to dismiss this case does not demonstrate bad faith as required for the imposition of Section 1927 sanctions. While counsel's position was not supported by the law of this Circuit at the time, there existed at least a modest chance that the Supreme Court would modify the relevant standard.

Additionally, during the April 27, 2018 conference with the Court, John Troy, a partner of the Troy Law Firm, explained that his firm did not initially stipulate to the arbitration of Plaintiff's claims because the Arbitration Agreement was undated. TC Tr. at 5:3-14. According to Mr. Troy, his firm first wanted to determine whether their client had in fact signed the agreement and, if so, on what date. *Id.* at 5:15-25. Mr. Byun, who had handled the case for the Troy Law Firm, left his position with the firm in February 2018. Mr. Troy acknowledged that it was not until after Mr. Byun left that the firm "seriously look[ed] into" the Arbitration Agreement. *Id.* at 5:18-20. While counsel's investigation into the date of execution of the Arbitration Agreement certainly could have been conducted earlier, counsel's desire to investigate does not reflect an intent to delay the litigation of this case or to harass Defendants.

Plaintiff's counsel's failure to respond to the defense's numerous attempts to discuss the Arbitration Agreement prevented a more timely and efficient resolution of the matter. But Plaintiff's counsel's lack of responsiveness to another party and his "policy" against "negotiating with parties who haven't appeared" are not clear enough evidence of bad faith on their own that might justify the imposition of sanctions under Section 1927. *See Herrera v. Scully*, No. 88-cv-6616 (RWS), 1992 U.S. Dist. LEXIS 15490, at *20-21 (S.D.N.Y. Oct. 9, 1992) (holding that party's failure to respond or delayed response to other party's correspondence did not amount to bad faith required for imposition of Section 1927 sanctions); *cf. Amaprop Ltd. v. Indiabulls Fin. Servs.*, 483 F.

App'x 634 (2d Cir. 2012) (affirming lower court's imposition of sanctions where respondent misleadingly redacted language from the arbitration agreement in question and deliberately mischaracterized an Indian court action to support its position before the district court); *Novik*, 497 F. Supp. at 450 (awarding attorneys' fees based, in part, on party's bad faith in alleging a material fact on behalf of its employee in an affidavit but not allowing such employee to testify to corroborate such alleged fact).

It is worth noting that Plaintiff's counsel avoided the potential imposition of sanctions under Federal Rule of Civil Procedure 11, which does not require a showing of bad faith. *See Bowler v. INS*, 901 F. Supp. 597, 605 (S.D.N.Y. 1995) ("Unlike Rule 11 sanctions which focus on particular papers, the inquiry [for the imposition of sanctions] of § 1927 is on a course of conduct."). Plaintiff's counsel was able to evade the possibility of Rule 11 sanctions because he failed to present any signed opposition to this motion, or any other filing that could have formed the basis for a Rule 11 motion.

The Court has declined to award sanctions under Section 1927 because the stringent bad faith standard is not met. Nonetheless, the Court does not condone the dilatory behavior exhibited by Plaintiff's attorneys. In the future, the Court hopes that Plaintiff's counsel will evaluate any applicable arbitration agreement before bringing a lawsuit that he concedes is not viable under existing law.

**IV. CONCLUSION**

Defendants have not requested that the Court stay these proceedings pending arbitration of Plaintiff's claims against them. Accordingly, for the reasons stated above, Defendants Wok 88 and Ai Chiu Chang's motion to dismiss Plaintiff's claims against them and compel arbitration of those claims is GRANTED. Defendants' motion for sanctions under Section 1927 is DENIED.

The Clerk of the Court is directed to terminate the motion pending at Dkt. No. 26.

SO ORDERED.

Dated: July 11, 2018
      New York, New York

_____
GREGORY H. WOODS
United States District Judge